# IN THE SUPREME COURT OF TEXAS

══════════
No. 10-0490
══════════

EL APPLE I, LTD., PETITIONER,

v.

MYRIAM OLIVAS, RESPONDENT

══════════════════════════════════════════════════
ON PETITION FOR REVIEW FROM THE
COURT OF APPEALS FOR THE EIGHTH DISTRICT OF TEXAS
══════════════════════════════════════════════════

**Argued September 15, 2011**

JUSTICE HECHT, joined by JUSTICE WAINWRIGHT and JUSTICE WILLETT, concurring.

I join fully in the Court's opinion with the additional observation that, besides lacking supporting records, Olivas's attorneys' request for fees and the trial court's award were patently unreasonable.

After an eight-day trial, the jury failed to find that El Apple discriminated against Olivas on the basis of gender but found that it created a hostile work environment for her because of her complaints of discrimination. The jury awarded Olivas $1,700 in back pay and $103,000 for past and future compensatory damages. The trial court awarded Olivas $464,000 attorney fees and $6,500 paralegal fees through the rendition of judgment, plus $99,000 conditionally for post-judgment proceedings and appeals. The court of appeals reversed the back-pay award and affirmed

the other damages and attorney fees.[1]  The court of appeals held that the award of attorney fees was reasonable.  On its face, it could not have been.

Olivas's lead counsel, Daniel Gonzalez, engaged another lawyer, Francisco X. Dominguez, to help him try the case.  Dominguez stated that he spent 150 hours total, but later raised the number to 190.  Gonzalez stated that he spent  700 hours total and about 200 at trial, meaning that Gonzalez spent 500 hours for pretrial proceedings.  Discovery was minimal.  The parties exchanged requests for disclosure and a set of interrogatories.  Olivas sent El Apple a request for admissions and two requests for production.  Gonzalez estimated that 1,200-2,500 pages of documents were produced.  Three depositions were taken.  One motion to compel was heard and granted.

I agree with the Court that Gonzalez and Dominguez's failure to produce any records supporting the hours they claimed to have spent on the case is fatal to their fee application.  Even if they had, their request would not be reasonable.  Even if the time they claimed to have spent for trial were considered reasonable, and it is not at all clear that it should be, 500 hours on the pretrial proceedings could not possibly be reasonable.

There are two other, surer indicators of a reasonable fee.  One is that El Apple's lawyer, David Pierce, and his associate spent 266.7 hours at about $200 per hour.  The trial court ordered El Apple to pay Olivas more than 7 times as much as it paid its own lawyers, for 890 hours of attorney time at an average of $521 per hour.  The other is what contingent fee might be reasonable had this been, say, a products liability case.  A 50% contingent fee, taking into account the difficulty

---

[1] 324 S.W.3d 181 (Tex. App.–El Paso 2010).

2

of the case and the reality that many cases are lost, would have been $51,500.  Instead, the trial court awarded Olivas's attorneys 450% of her recovery.

El Apple's counsel repeatedly stated to the trial court that Olivas's attorneys had represented her well and should be fully compensated, objecting only to their exorbitant request.  Statutory fee-shifting is not a bonanza.  It should take into account what the market should.  Olivas's attorneys' request did not do so.

_____
Nathan L. Hecht
Justice

**OPINION DELIVERED: June 22, 2012**